1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2023

4

SEAN F. McAVOY, CLERK

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7    OLIVIA M.,[1]                          No. 4:21-cv-05107-MKD

8                    Plaintiff,             ORDER DENYING
                                            PLAINTIFF'S MOTION FOR
9         v.                                SUMMARY JUDGMENT AND
                                            GRANTING DEFENDANT'S
10   KILOLO KIJAKAZI, ACTING                MOTION FOR SUMMARY
     COMMISSIONER OF SOCIAL                 JUDGMENT
11   SECURITY,
                                            **ECF Nos. 16, 17**
12                   Defendant.

13        Before the Court are the parties' cross-motions for summary judgment.  ECF

14   Nos. 16, 17.  The Court, having reviewed the administrative record and the parties'

15   briefing, is fully informed.  For the reasons discussed below, the Court denies

16   Plaintiff's motion, ECF No. 16, and grants Defendant's motion, ECF No. 17.

17   _____

18   [1] To protect the privacy of plaintiffs in social security cases, the undersigned

19   identifies them by only their first names and the initial of their last names.  *See*

20   LCivR 5.2(c).

ORDER - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

ORDER - 2

404.1502(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

ORDER - 3

work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC),

ORDER - 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On July 10, 2015, Plaintiff applied for Title II disability insurance benefits alleging a disability onset date of September 13, 2013. Tr. 18, 73, 161-67. The application was denied initially and on reconsideration. Tr. 100-02, 104-06. Plaintiff appeared before an administrative law judge (ALJ) on June 12, 2018. Tr. 36-72. On July 30, 2018, the ALJ denied Plaintiff's claim. Tr. 15-33. Plaintiff appealed the denial, resulting in a remand from this Court. Tr. 1036-70. On April 21, 2021, Plaintiff appeared for a remand hearing. Tr. 963-95. On May 21, 2021, the ALJ again denied Plaintiff's claim. Tr. 928-48.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2018, did not engage in substantial gainful activity from September 13, 2013 through December 31, 2018. Tr. 933. At step two, the ALJ found that Plaintiff had the following severe impairments through the date last insured: right carpal tunnel syndrome, status post cubital and carpal tunnel release surgery; left carpal tunnel syndrome;

medial epicondylitis; chronic regional pain complex of the right arm and hand; bilateral knee arthritis; and low back arthritis.  Tr. 934.

At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  Tr. 936.  The ALJ then concluded that Plaintiff had the RFC to perform sedentary work with the following limitations:

> [Plaintiff could] stand and/or walk up to two hours and sit up to six hours in an eight-hour workday with normal breaks.  She [could] occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs but [could] never climb ladders, ropes, or scaffolds; she could not push or pull with the right upper extremity; she could frequently handle and finger bilaterally; and she should avoid all exposure to unprotected heights and moving or dangerous machinery.

Tr. 937.

At step four, the ALJ found that through the date last insured, Plaintiff was capable of performing her past relevant work as a medical record auditor, medical record coder, and hospital collection clerk.  Tr. 941.  The ALJ did not make an alternative step five determination.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of September 13, 2013, through the date last insured of December 31, 2018.  Tr. 942.

Per 20 C.F.R. § 404.984, the ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review

ORDER - 7

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;

2. Whether the ALJ conducted a proper step-two analysis;

3. Whether the ALJ conducted a proper step-three analysis;

4. Whether the ALJ properly evaluated lay witness evidence;

5. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

6. Whether the ALJ conducted a proper step-four and five analysis.

ECF No.16 at 7-8.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in his consideration of the opinions of Adrian Heap, M.D., and Andrea Shadrach, Psy.D. ECF No. 16 at 10-16.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

ORDER - 8

Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

1    *1. Dr. Heap*

2        On January 8, 2018, Dr. Heap, a treating physician, rendered an opinion on

3    Plaintiff's functioning.[2]  Tr. 883-86.  Dr. Heap diagnosed Plaintiff with chronic

4    regional pain complex of the right arm and hand secondary to ulna nerve

5    decompression and carpal tunnel release surgery in September 2011.  Tr. 884.  Dr.

6    Heap opined Plaintiff needed to lie down during the day, and that regular and

7    continuous work would cause Plaintiff's condition to deteriorate.  Tr. 886.  He

8    further opined Plaintiff would miss four or more days of work per month due to

9    symptom exacerbations and opined her limitations have existed since April 2013.

10   Tr. 885.  Dr. Heap also opined Plaintiff is capable of light work but crossed out the

11   "20 pounds" in the description of light work, with no further explanation.  *Id.*  The

12   ALJ gave Dr. Heap's opinion little weight.  Tr. 940.  As Dr. Heap's opinion is

13   contradicted by the opinions of Dr. Irwin, Tr. 93-95, Dr. Gaddy, Tr. 804-08, and

14

15

16   _____

17   [2] Dr. Heap also rendered an opinion on Plaintiff's functioning in April 2013.  Tr.

18   799.  Plaintiff did not challenge the ALJ's rejection of the 2013 opinion, thus any

19   challenge is waived.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925,

20   929-30 (9th Cir. 2003).

ORDER - 10

Dr. Ugorji, Tr. 820-26, the ALJ was required to provide specific and legitimate reasons to discount Dr. Heap's opinion. *See Bayliss*, 427 F.3d at 1216.

First, the ALJ found Dr. Heap's opinion was not supported by his treatment records. Tr. 940. A medical opinion may be rejected if it is unsupported by medical findings. *Bray*, 554 F.3d at 1228; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Moreover, an ALJ is not obliged to credit medical opinions that are unsupported by the medical source's own data and/or contradicted by the opinions of other examining medical sources. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Dr. Heap's records contain multiple references to Plaintiff's self-reported symptoms and limitations. Tr. 940. His records also contain Plaintiff's statements regarding her ability to travel, care for others, handle her own personal and household care, and work for periods after her alleged onset date. Tr. 939 (citing Tr. 796, 878-83). Multiple visits note "everything stable," and "everything same." Tr. 796. Plaintiff contends Dr. Heap's records support his opinion, as the records document Plaintiff's diagnoses and reported symptoms and limitations. ECF No. 16 at 12-13. However, Dr. Heap's records do not contain objective evidence to support Plaintiff's subjective reports and Dr. Heap's opinion, and as discussed

ORDER - 11

1  *infra*, there is evidence that Plaintiff's reported symptoms and limitations are not

2  consistent with the objective evidence.  The ALJ's finding that Dr. Heap's opinion

3  is not supported by his treatment notes and the objective evidence is supported by

4  substantial evidence.  This was a specific and legitimate reason to reject Dr. Heap's

5  opinion.

6       Second, the ALJ found Dr. Heap's opinion was internally inconsistent.  Tr.

7  940.  Relevant factors to evaluating any medical opinion include the amount of

8  relevant evidence that supports the opinion, the quality of the explanation provided

9  in the opinion, and the consistency of the medical opinion with the record as a

10  whole.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*,

11  495 F.3d 625, 631 (9th Cir. 2007).  Dr. Heap was asked what exertional level

12  Plaintiff could perform "day to day on a sustained, competitive basis," and he

13  opined Plaintiff could perform light work, but crossed out "20 pounds" from the

14  description.  Tr. 885.  Dr. Heap also opined Plaintiff would miss four or more days

15  per month of work, *id.*, which is inconsistent with his opinion Plaintiff can sustain

16  light work activity on an ongoing competitive basis.  This was a specific and

17  legitimate reason, supported by substantial evidence, to reject Plaintiff's symptom

18  claims.

19       Third, the ALJ found Dr. Heap's opinion was inconsistent with the record as

20  a whole.  Tr. 940.  An ALJ may discredit physicians' opinions that are unsupported

ORDER - 12

by the record as a whole. *Batson*, 359 F.3d at 1195. As discussed *supra,* the ALJ found Dr. Heap's opinion was not supported by his own treatment records. Plaintiff reported taking classes, job hunting, working, caring for multiple people, and handling her own care and household tasks during the relevant period. Tr. 939-41. While medical records from other sources document some abnormalities, such as tenderness and decreased reflexes at some examinations, there are many largely normal examinations. *Id.* (citing Tr. 806, 882, 887, 889, 892, 902-04, 924-27, 1209). This was a specific and legitimate reason, supported by substantial evidence, to reject Dr. Heap's opinion.

Lastly, the ALJ noted a portion of Dr. Heap's opinion addressed an issue reserved to the Commissioner. Tr. 940. A statement by a medical source that a claimant is "unable to work" is not a medical opinion and is not due "any special significance." 20 C.F.R. § 404.1527(d). Nevertheless, the ALJ is required to consider medical source opinions about any issue, including issues reserved to the Commissioner, by evaluating the opinion in light of the evidence in the record and applying the applicable factors. SSR 96-5p at *2-3. The ALJ considered Dr. Heap's opinion that Plaintiff has a "chronic disabling condition" and reasonably found the opinion was entitled to little weight. Tr. 940.

Plaintiff contends the ALJ erred in failing to follow this Court's remand Order, including failing to develop the record. ECF No. 15 at 14. This Court

ORDER - 13

previously directed the ALJ to "develop the record regarding the legibility of Dr. Heap's treatment notes." Tr. 1070. The ALJ reviewed the records and provided an analysis of the legible records. Tr. 939. This Court noted that Plaintiff's work prior to the alleged onset date was not inconsistent with Dr. Heap's opinion. Tr. 1056-58. In the current decision, the ALJ considered Plaintiff's work after the alleged onset date. Tr. 939-41. The ALJ considered Dr. Heap's opinion regarding Plaintiff's regional pain complex and symptoms but gave clear and convincing discussed *supra* to reject the opinion. The ALJ did not err in his consideration of Dr. Heap's opinion. Plaintiff is not entitled to remand on these grounds.

    *2. Dr. Shadrach*

      On January 17, 2016, Dr. Shadrach, an examining psychologist, rendered an opinion on Plaintiff's functioning. Tr. 810-15. This Court previously considered the ALJ's evaluation of Dr. Shadrach's opinion, and found the ALJ did not err in his consideration of Dr. Shadrach's opinion. Tr. 1058-62. Plaintiff contends the ALJ erred by failing to reconsider Dr. Shadrach's opinion. ECF No. 16 at 15-16. Defendant contends the law of the case doctrine bars this argument. ECF No. 17 at 19. The law of the case doctrine applies in the Social Security context. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Under the law of the case doctrine, a court is precluded from revisiting issues which have been decided, either explicitly or implicitly, in a previous decision of the same court or a higher court. *Hall v.*

ORDER - 14

1  *City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).  The doctrine of the law

2  of the case "is concerned primarily with efficiency, and should not be applied

3  when the evidence on remand is substantially different, when the controlling law

4  has changed, or when applying the doctrine would be unjust."  *Stacy*, 825 F.3d at

5  567.

6         Plaintiff states Defendant's argument is *post hoc* rationalization.  ECF No.

7  18 at 7.  However, Defendant's contention that Plaintiff's argument is barred by

8  the law of the case doctrine is not *post hoc* rationalization.  Plaintiff does not

9  directly address the contention that the law of the case doctrine bars consideration

10  of the issue.  Plaintiff appears to contend that the evidence has changed on remand,

11  as there is updated evidence documenting Plaintiff's generalized anxiety disorder

12  and panic attacks.  ECF No. 16 at 7.  However, there are twenty total pages of new

13  medical evidence since the prior hearing.  Tr. 1204-24.  There is minimal new

14  evidence related to Plaintiff's mental health symptoms.  Plaintiff complained of

15  significant anxiety and depressive symptoms in October 2018, and she was tearful

16  with pressured speech, but she had been receiving no treatment, Tr. 1221-22, and a

17  April 2019 mental status examination was generally normal, Tr. 1208.  Plaintiff

18  contends the new evidence provides support for Plaintiff's reported panic attacks

19  but does not cite to any supporting records.  ECF No. 16 at 7.  The only new

20  medical record that references panic attacks states "no panic attacks."  Tr. 1208.

ORDER - 15

1  Plaintiff has not demonstrated that the law of the case doctrine should not apply in

2  this case.  As such, the Court declines to revisit the ALJ's analysis of Dr.

3  Shadrach's opinion.

4    **B. Step Two**

5      Plaintiff contends the ALJ erred at step two by failing to identify her mental

6  health impairments and vision impairments as severe impairments.  ECF No. 16 at

7  16-17.  Plaintiff previously raised the same issue, and this Court found the ALJ's

8  step two determination was supported by substantial evidence.  Tr. 1062-67.

9  Defendant contends the argument is barred by the law of the case doctrine.  ECF

10  No. 17 at 17-18.  Plaintiff contends the updated record confirms Plaintiff's visual

11  impairment.  ECF No. 18 at 7-8.  However, Plaintiff cites only to records that

12  existed at the time of the prior hearing and does not cite to any new evidence to

13  support the claim.  *See id.*  Further, the new evidence does not contain any

14  evidence that would support a finding that Plaintiff's vision impairment is a severe

15  impairment.  Plaintiff also contends the new evidence demonstrates Plaintiff's

16  mental health impairments are severe.  ECF No. 18 at 7-8.  Plaintiff cites to two

17  visits that document Plaintiff's reported symptoms and a single incident of Plaintiff

18  being tearful.  *Id.* (citing Tr. 1204-06, 1222).  Plaintiff has not demonstrated that

19  the evidence on remand is substantially different, thus the Court declines to revisit

20  the ALJ's step two analysis.

ORDER - 16

**C. Step Three**

Plaintiff contends the ALJ erred at step three by failing to find her impairments meet or equal Listing 1.02B or Listing 11.14. ECF No. 16 at 17. Defendant contends this argument is barred by the law of the case doctrine as the Court previously rejected Plaintiff's step three argument. ECF No. 17 at 16-18. The Court previously declined to address the issue as the case was remanded for other reasons; thus, the issue has not previously been addressed. *See* Tr. 1067. At step three, the ALJ must determine if a claimant's impairments meet or equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii).

The Listing of Impairments "describes for each of the major body systems impairments [which are considered] severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience." 20 C.F.R. § 404.1525. "Listed impairments are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)). "Listed impairments set such strict standards because they automatically end the five-step inquiry, before residual functional capacity is even considered." *Kennedy*, 738 F.3d at 1176. If a claimant meets the listed criteria for disability, she will be found to be disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

ORDER - 17

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett,* 180 F.3d at 1099 (emphasis in original); 20 C.F.R. § 404.1525(d). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment . . . ." *Tackett*, 180 F.3d at 1099 (emphasis in original) (quoting 20 C.F.R. § 404.1526(a)). "If a claimant suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings of all of the claimant's impairments will be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment." *Id*. However, "'[m]edical equivalence must be based on medical findings," and "[a] generalized assertion of functional problems is not enough to establish disability at step three.'" *Id*. at 1100 (quoting 20 C.F.R. § 404.1526(a)).

The claimant bears the burden of establishing her impairment (or combination of impairments) meets or equals the criteria of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical

ORDER - 18

equivalence at step 3." Social Security Ruling (SSR) 17-2P, 2017 WL 3928306, at *4 (effective March 27, 2017).

Here, the ALJ found that Plaintiff's impairments and combinations of impairments did not meet or equal any listings. Tr. 936. The ALJ did not address Listing 1.02B nor Listing 11.14. *See* Tr. 936-37. However, Plaintiff fails to meet her burden in demonstrating that she meets or equals all the components of a listing. First, Listing 1.02B was removed and replaced with Listing 1.18 on April 2, 2021; thus, Listing 1.02 was not applicable to the ALJ's May 2021 decision. 20 C.F.R. § 404, Subpt. P, App. 1, § 1.18 (April 2, 2021). Plaintiff does not present any argument that she meets or equals Listing 1.18.

Listing 11.14 requires that the claimant's peripheral neuropathy is characterized by A or B:

A. Disorganization of motor function in two extremities, resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities; or
B. Marked limitation in physical functioning, and in one of the following:
1. Understanding, remembering, or applying information; or
2. Interacting with others; or
3. Concentrating, persisting, or maintaining pace; or
4. Adapting or managing oneself

20 C.F.R. § 404, Subpt. P, App. 1, § 11.14.

The ALJ did not find peripheral neuropathy to be a severe impairment, and Plaintiff did not challenge this finding. Tr. 934. The ALJ noted the nerve

ORDER - 19

conduction study documented no evidence of peripheral neuropathy.  Tr. 941.

Plaintiff does not cite to any evidence to support her contention that she meets

Listing 11.14 and does not present any argument as to how her impairments equal

Listing 11.14.  Plaintiff alleges she has extreme limitation in the use of her

arms/hands, with no citations to support the allegation.  ECF No. 16 at 17; ECF

No. 18 at 8-9.  Plaintiff has not met her burden in demonstration the ALJ erred at

step three.  Plaintiff is not entitled to remand on these grounds.

**D. Lay Opinion Evidence**

Plaintiff contends the ALJ erred in rejecting the lay statements of Trevor

Dorsey, Matt M., Christy Bugarin, and Kevin M.  ECF No. 16 at 17-18.  An ALJ

must consider the statement of lay witnesses in determining whether a claimant is

disabled.  *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir.

2006).  Lay witness evidence cannot establish the existence of medically

determinable impairments, but lay witness evidence is "competent evidence" as to

"how an impairment affects [a claimant's] ability to work."  *Id.*; 20 C.F.R. §

404.1513; *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993)

("[F]riends and family members in a position to observe a claimant's symptoms

and daily activities are competent to testify as to her condition.").  If a lay witness

statement is rejected, the ALJ "'must give reasons that are germane to each

ORDER - 20

witness.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing *Dodrill*, 12 F.3d at 919).

The third-party statements were all written in April 2021, more than two after Plaintiff's date last insured. Tr. 1198-1203. The statements were all written in the present tense, largely describing Plaintiff's functioning in 2021, and thus are of little relevance to the adjudicative period at issue. *Id.* The statements otherwise restate Plaintiff's own reported limitations and challenges before and after her surgery. For example, one statement indicates the writer was an adolescent at the time of the surgery but recalls what their mother told them about her surgery and her limitations. Tr. 1199-1200. As the ALJ gave clear and convincing reasons to reject Plaintiff's symptom claims, as discussed *infra*, the ALJ did not harmfully err in failing to address lay testimony that largely repeated Plaintiff's properly rejected claims. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ may reject lay testimony that essentially reproduces the claimant's discredited testimony). Plaintiff is not entitled to remand on these grounds.

**E. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims. ECF No. 16 at 18-20. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2.

1   "First, the ALJ must determine whether there is objective medical evidence of an

2   underlying impairment which could reasonably be expected to produce the pain or

3   other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

4   "The claimant is not required to show that [the claimant's] impairment could

5   reasonably be expected to cause the severity of the symptom [the claimant] has

6   alleged; [the claimant] need only show that it could reasonably have caused some

7   degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

8       Second, "[i]f the claimant meets the first test and there is no evidence of

9   malingering, the ALJ can only reject the claimant's testimony about the severity of

10  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

11  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

12  omitted).  General findings are insufficient; rather, the ALJ must identify what

13  symptom claims are being discounted and what evidence undermines these claims.

14  *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas*, 278 F.3d at 958 (requiring the ALJ to

15  sufficiently explain why it discounted claimant's symptom claims)).  "The clear

16  and convincing [evidence] standard is the most demanding required in Social

17  Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting

18  *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

19      Factors to be considered in evaluating the intensity, persistence, and limiting

20  effects of a claimant's symptoms include: 1) daily activities; 2) the location,

ORDER - 22

duration, frequency, and intensity of pain or other symptoms; 3) factors that

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

404.1529(c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," to "determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the evidence.  Tr. 938.

### 1. Inconsistent Objective Medical Evidence

The ALJ found Plaintiff's allegations were inconsistent with the objective

medical evidence.  Tr. 938-41.  An ALJ may not discredit a claimant's symptom

testimony and deny benefits solely because the degree of the symptoms alleged is

not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853,

857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991);

*Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680.

However, the objective medical evidence is a relevant factor, along with the

medical source's information about the claimant's pain or other symptoms, in

determining the severity of a claimant's symptoms and their disabling effects.

*Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

In 2013 and 2014, multiple records documented adequate control of

Plaintiff's symptoms, as discussed further *infra*.  Tr. 939.  In December 2015,

Plaintiff had decreased grip strength on the left, and a positive supine straight leg

raise test, but she otherwise had a normal physical examination.  Tr. 940 (citing Tr.

806).  In May 2016, Plaintiff exhibited tenderness, but she otherwise had a normal

physical examination.  Tr. 823.  The ALJ noted that Plaintiff received minimal

medical treatment during the relevant adjudicative period.  Tr. 940.  In December

2017, Plaintiff reported her upper extremity symptoms had "been back for a year,"

and she had not seen anyone for treatment for it in "many years."  Tr. 887.  Her

December 2017 examination documented positive Phalen's testing, generally intact

sensation with some limited sensation in her hand, and no other documented

abnormalities.  Tr. 889.  In February 2018, Plaintiff complained of significant

symptoms, but her physical examination was normal.  Tr. 902-04.  In May 2018,

Plaintiff stated her elbows were swollen but they appeared normal, and she had

ORDER - 24

1   normal range of motion and was observed using her arms in full capacity.  Tr. 892.

2   A June 2018 nerve conduction study documented Plaintiff's carpal tunnel

3   syndrome.  Tr. 941 (citing Tr. 924-27).  In May 2019, Plaintiff had some

4   tenderness and decreases in strength and reflexes, but normal sensation, gait, and

5   range of motion in most extremities, and she had normal grip strength.  Tr. 941

6   (citing Tr. 1209).  On this record, the ALJ reasonably found that Plaintiff's

7   symptom claims were not consistent with the objective medical evidence.  This

8   was a clear and convincing reason, along with the other reasons offered, to reject

9   Plaintiff's symptom claims.

10       *2.  Work History*

11       The ALJ found Plaintiff's work history was inconsistent with her

12   allegations.  Tr. 938-40.  Working with an impairment supports a conclusion that

13   the impairment is not disabling.  *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir.

14   1992); *Bray*, 554 F.3d at 1227 (seeking work despite impairment supports

15   inference that impairment is not disabling).  However, short-term work, which

16   does not demonstrate the ability to sustain substantial gainful employment, may be

17   considered an unsuccessful work attempt instead of substantial gainful activity.

18   *Gatliff v. Comm'r Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999); *see also*

19   *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including

20

1  this one, have recognized that disability claimants should not be penalized for

2  attempting to lead normal lives in the face of their limitations.").

3      Plaintiff alleges disability beginning September 2013, but the ALJ noted

4  Plaintiff reported in December 2013 she was working cleaning houses; in June

5  through July 2014, she reported she was working; and in May 2015 she again

6  reported she was working. Tr. 793-96, 933-34, 939.  Plaintiff addresses only the

7  ALJ's discussion of Plaintiff's work prior to the alleged onset date, and states that

8  her limited work activity is not inconsistent with her allegations.  ECF No. 16 at

9  19-20; ECF No. 18 at 6.  Plaintiff offers no explanation about her work after the

10 alleged onset date.  There are no reported earnings for the work, and no

11 explanation as to the length or frequency of the work nor why it ended, thus there

12 is no evidence to find these were unsuccessful work attempts.  The ALJ reasonably

13 found Plaintiff's work after her alleged onset date was inconsistent with her

14 allegations.  This was a clear and convincing reason, supported by substantial

15 evidence, to reject Plaintiff's symptom claims.

16     *3. Improvement with Treatment*

17     The ALJ found that Plaintiff's improvement with treatment was inconsistent

18 with her symptom claims.  Tr. 938-41. The effectiveness of treatment is a relevant

19 factor in determining the severity of a claimant's symptoms.  20 C.F.R. §

20 404.1529(c)(3) (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006

ORDER - 26

(9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti*, 533 F.3d at 1040 (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

In August 2013, Plaintiff reported her right arm was "much less bothersome" after engaging in a treatment. Tr. 939 (citing Tr. 792-96). In January 2014, Plaintiff reported her prescription medications controlled her symptoms, Tr. 939 (citing Tr. 793), and in March 2014, she reported ongoing adequate pain control, *id.* In May 2015, she reported her symptoms were stable, Tr. 939 (citing Tr. 796), and in June 2016, she reported medication eliminated her pain for three to four hours at a time, Tr. 939 (citing Tr. 1215). In 2017, she reported waxing and waning of her pain with varying pain control. Tr. 939 (citing Tr. 993). In February 2018, Plaintiff reported she felt functional with her current medication and treatment. Tr. 906, 941. Despite reported significant symptoms, Plaintiff's range of motion, gait, and strength were all normal. Tr. 906-08. On this record, the ALJ reasonably found Plaintiff's symptoms, when treated, are not as severe as alleged. This was a clear and convincing reason, supported by substantial evidence, to reject Plaintiff's claim.

ORDER - 27

*4. Activities of Daily Living*

The ALJ found Plaintiff's activities of daily living were inconsistent with her symptom claims. Tr. 938-40. The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

As discussed *supra*, Plaintiff reported working after her alleged onset date on multiple occasions. Plaintiff reported she can cook, shop, and handle housekeeping, including laundry. Tr. 940 (citing Tr. 813). Plaintiff reported helping her elderly mother and getting paid for elder care. Tr. 796, 805. Plaintiff stated she helped her mother with shopping, errands, light housekeeping, personal care assistance, and took her to appointments, and noted she helps her sister, who is disabled. Tr. 195. Plaintiff also reported traveling to Spokane to help an older gentleman. Tr. 939 (citing Tr. 795). Plaintiff reported typing a lot, looking for

work, taking computer classes, performing yard work, moving, and preparing a

real estate sale. Tr. 793-94, 796, 880, 939-40. While Plaintiff contends the ALJ

did not specify which activities are inconsistent with Plaintiff's allegations, ECF

No. 16 at 19, the ALJ reasonably found Plaintiff's activities were inconsistent with

Plaintiff's allegations of disabling limitations, including her reported extreme

upper extremity limitations. This was a clear and convincing reason, supported by

substantial evidence, to reject Plaintiff's symptom claims.

### 5. Drug-Seeking Behavior

The ALJ found Plaintiff's narcotic-seeking behavior undermined her pain

complaints. Tr. 941. Drug seeking behavior can be a clear and convincing reason

to discount a claimant's credibility. *See Edlund*, 253 F.3d at 1157 (holding that

evidence of drug seeking behavior undermines a claimant's credibility). In May

2018, Dr. Wheeler stated Plaintiff presented as "narcotic seeking." Tr. 941 (citing

Tr. 893). Plaintiff presented as agitated and upset that she was told at a pain

management appointment at Lynx that she did not need narcotics. Tr. 891. Dr.

Wheeler stated opiates should not be prescribed for Plaintiff's condition, and

Plaintiff became "very upset." *Id.* Dr. Wheeler noted that "I wouldn't be surprised

if some or all of this incident isn't highly exaggerated. Caution in dealing with this

patient, as she is manipulative and presents as narcotic seeking." Tr. 893.

ORDER - 29

At Lynx Pain Management, when Plaintiff was not given a prescription for opiates, she stated she did not want to have the recommended injections and left. Tr. 902, 904. The provider noted "Plaintiff is not currently a candidate for opiate medications given their history and the inability to safely utilize opiate medications." Tr. 904. Plaintiff was also noted as having a positive drug test in May 2016, when she tested positive for marijuana, opiates, oxycodone, and methamphetamines, and the provider noted Plaintiff's drug use "will surely affect your ability to function in a normal work environment." Tr. 824. On this record, the ALJ reasonably found Plaintiff's narcotic-seeking behavior undermined her pain complaints. The ALJ gave clear and convincing reasons, supported by substantial evidence, to reject Plaintiff's symptom claims. Plaintiff is not entitled to remand on these grounds.

**F. Step Four and Step Five**

Plaintiff contends the ALJ erred at steps four and five by relying on vocational expert testimony that was based on an incomplete hypothetical. ECF No. 16 at 20-21. The Court notes that the ALJ found Plaintiff capable of performing her past relevant work at step four, and thus did not make a step five finding. Tr. 941-42. Plaintiff's argument is based entirely on the assumption that the ALJ erred in considering the medical opinion evidence and Plaintiff's symptom claims. *Id.* For reasons discussed throughout this decision, the ALJ's rejection of

ORDER - 30

her symptom complaints, and consideration of the medical opinion evidence are

legally sufficient and supported by substantial evidence.  Thus, the ALJ did not err

in finding Plaintiff capable of performing her past relevant work, based on the

hypothetical containing Plaintiff's RFC.  Plaintiff is not entitled to remand on these

grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the

ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to

counsel, and **CLOSE THE FILE**.

DATED March 3, 2023.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 31